UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| STANOCOLA EMPLOYEES MEDICAL AND HOSPITAL ASSOCIATION, INC. | CASE NO. |
| DEBTOR | CHAPTER 11 |

*******************************************************************************

MOTION FOR AUTHORITY TO USE CASH
COLLATERAL IN ORDINARY COURSE OF BUSINESS AND
FOR EMERGENCY PRELIMINARY HEARING THEREON

**NOW INTO COURT**, through undersigned counsel, comes of Stanocola Employees Medical and Hospital Association, Inc., d/b/a Stanacola Medical Center (hereinafter "Stanocola"), Debtor and Debtor-in-Possession herein, which respectfully represents:

1.

Respondent in this contested matter is Union Planters Bank ("Union Planters"). This is a contested matter initiated pursuant to Bankruptcy Rules 4001 and 9014, et seq. Jurisdiction of this Court is based upon, *inter alia*, 28 U.S.C. §§151, 157 et seq. and 1334 and 11 U.S.C. §§363 and 1101, et seq. This is a "core" proceeding over which this Court has authority to conduct a hearing and to enter a final order and, in the event this is determined not to be a core proceeding, mover consents to entry of a final order by this Court.

2.

Debtor filed a voluntary petition under Chapter 11 of Title 11, United States Code, on March 20, 2001, ("Petition Date"). No trustee has been appointed and no motion to appoint a trustee has yet been filed by any creditor or

other party in interest; accordingly, Debtor is a debtor-in-possession authorized to continue to operate its business.

3.

The Debtor's business consists of the ownership and operation of Stanocola Medical Center, which provides medical services in both clinical and home-health settings in the Baton Rouge area. The Debtor has employees who must be paid on a regular basis and, additionally, it is necessary for the Debtor to pay other expenses, such as utility charges, insurance premiums, etc. on an ongoing basis.

4.

At present, the only source of revenue available to pay the ongoing business expenses of the reorganization proceedings consists of the collection of the Debtor's accounts receivable. As of the date of filing, Union Planters was purportedly a creditor of the Debtor and the accounts receivable of the Debtor are believed to be part of the collateral held as security for the debt owed to Union Planters. It is believed that Union Planters also possesses a security interest in the Debtor's furniture, fixtures, and equipment.

5.

Since the Debtor has no other significant income other than collection of its accounts receivable, it is essential that the Debtor be permitted to use its accounts receivable and the proceeds thereof to pay the ongoing, necessary expenses of the reorganization proceedings.

6.

The Debtor needs to use the accounts receivable and the proceeds thereof immediately, and the estate will suffer immediate and irreparable harm before 15 days notice can be given for a final hearing. Therefore, the Debtor requests that this Court set a preliminary hearing on this matter for with the final hearing to be held after the 15 day notice period prescribed under Bankruptcy Rule 4001.

7.

The Debtor has approximately $4,000,000.00 of accounts receivable, and alleges that those receivables are adequate assurance of payment for the Debtor's use of the accounts receivable and proceeds thereof. The debt to Union Planters is estimated to be approximately $900,000.00. The Debtor also proposes that the security instruments and financing statements in favor of Union Planters be deemed to continue in effect post-petition and will grant Union Planters an interest in the Debtor's post-petition accounts receivable and other collateral; provided however, that the efficacy, validity, and amount of the security interest granted to Union Planters in the Debtor's post-petition accounts receivable, the proceeds thereof, and any other collateral shall be no greater

than and shall not expand nor enlarge the rights of Union Planters beyond its secured interest in the pre-petition accounts receivable and proceeds thereof as ultimately determined by this Court.

**WHEREFORE**, Stanocola Employees Medical and Hospital Association, Inc., d/b/a Stanacola Medical Center, debtor and debtor-in-possession, requests that this Honorable Court conduct a preliminary hearing on shortened notice to Union Planters, the Office of the United States Trustee, and the twenty largest unsecured creditors, for the purpose of permitting it to use a sufficient portion of the pre-petition accounts receivable and proceeds thereof to pay the ongoing expenses necessary and to continue the Debtor's business through the final hearing on this motion; that, after at least 15 days notice to the respondent in this motion, the 20 largest unsecured creditors, and the United States Trustee, that this Honorable Court enter a final order permitting the Debtor and debtor-in-possession to continue to use its pre-petition accounts receivable and the proceeds thereof in the ordinary course of its business to pay the ongoing expenses of this reorganization; and, for any and all other relief to which mover may be entitled.

    Respectfully submitted:
    STEFFES, VINGIELLO & McKENZIE, LLC
    201 St. Charles Street
    Baton Rouge, Louisiana 70802
    Telephone: (225) 344-1333

    By: /s/ Arthur A. Vingiello
        Arthur A. Vingiello #13098
        Patrick S. Garrity #23744