UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

STANOCOLA EMPLOYEES MEDICAL      CASE NO. 01-11734
and HOSPITAL ASSOCIATION, INC.

DEBTOR

**IMMATERIAL MODIFICATIONS TO SECOND
AMENDED PLAN OF REORGANIZATION OF
<u>STANOCOLA MEDICAL AND HOSPITAL ASSOCIATION, INC.</u>**

**NOW INTO COURT**, through undersigned counsel, comes Stanocola Employees Medical and Hospital Association, Inc. ("Stanocola"), debtor-in-possession in the captioned case, which hereby makes the following immaterial modifications to its Second Amended Plan of Reorganization ("the Plan"), to-wit:

1.

Article 3.04 is amended to provide: "**Class 1 Secured Claim (Union Planters Bank).** The Class 1 claim is estimated to be approximately $315, 000.00 as of June, 2002, and shall be paid, with interest to accrue at the contractual rate, in monthly installments of $13,500.00 beginning on the fifteenth (15th) day of the first full month after the Confirmation Date, and continue thereafter on the fifteenth day of each subsequent month until such claim is paid in full. The security interest of Union Planters Bank ("Union Planters") shall survive confirmation until such claim is paid in full, as provided under §506 of the Code. It is agreed and understood that the $100,000.00 CD owned by the Debtor, but held as collateral by Union Planters, may be liquidated and applied to this claim upon its maturity in January, 2003. It is further agreed and understood that the application of the Debtor's Cash Collateral payments, escrowed by Union

Planters during this case, shall be applied to the debt as described in the Proof of Claim filed by Union Planters."

2.

Article 3.05 is amended to provide: "**Class 2 Secured Claim (Union Planters).** The Class 2 claim is estimated to be approximately $496,000.00 as of June, 2002, and shall be paid, with interest to accrue at the contractual rate, in monthly installments of $4,500.00 beginning on the fifteenth (15th) day of the first full month after the Confirmation Date, and continue thereafter on the fifteenth day of each subsequent month until such claim is paid in full. The security interest of Union Planters shall survive confirmation until such claim is paid in full, as provided under §506 of the Code. Until this claim is paid in full, the Debtor shall continue providing the weekly financial reporting currently being provided to Union Planters and shall maintain a minimum accounts receivable balance of $1,300,000.00."

3.

Article 3.07 is added to provide: "**Class 6 Unsecured Claims (457 Plan Participants).** The Class 6 claims consist of the claims of participants in the 457 Deferred Compensation Plan of the Debtor, the assets of which the Court has ruled are property of the Debtor's estate. Class 6 claims shall receive a total of one hundred per cent (100%) of the amount of their respective 457 Plan account as of April 30, 2002, payable in five equal annual payments with no interest, beginning on the seventh anniversary of the effective date of this Plan and continuing on that same date for the four years immediately following the first payment. Such 457 Plan participants may, by written notice sent to Debtor's counsel, shown below, agree to the treatment provided to Class 5 claimants or, alternatively, agree to be treated as Class 6 claimants. Such written notice must be received by Debtor's counsel on or before May 31, 2002, to be effective.

Failure to timely provide such notice shall be deemed an election by such claimant to participate in Class 5 distributions. It is agreed and understood that no Class 6 payment may be made until all Class 5 payments due at the time have been paid in full."

4.

Article 5.08 is amended to provide: "**Payments on Disputed Claims**. Prior to each quarterly payment to holders of Class 5 claims, the Debtor will divide any claims which remain disputed into two (2) portions, one portion disputed and the other portion allowed. The allowed portion shall be paid with and in the same manner as all other allowed claims within such class. The amount of any disputed claims and any disputed portion of a claim will be reserved by the Debtor in a separate account for such purpose. Upon resolution of the dispute, the allowed amount shall be paid to the creditor. Any reserved amount which is disallowed shall be paid with the next quarterly plan payment to all of the members of the class on a pro-rata basis."

5.

Article 5.11 shall be added to provide: "**Promissory notes**. Promissory notes evidencing the indebtedness and payment terms to claimants with allowed claims in Classes 5 and 6 shall be given by the Debtor to all such claimants within ten (10) days of the effective date of the Plan."

6.

Article 8.03 is amended to provide: "**Post-Confirmation Injunction**. Except as set forth herein, on and after the Confirmation Date, every holder of a claim or interest against the Debtor shall be precluded and permanently enjoined from asserting against the Debtor, its members, officers, directors, professionals, and agents, or their respective assets or properties, any further claim based on any document, instrument, judgment, award, order, act, omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date. This provision

does not release, discharge, or enjoin any claim against the Debtor's members, officers, directors, professionals and agents with respect to fiduciary obligations under the Employee Retirement Income Security Act of 1974 with respect to the Retirement Plan for Employees of Stanocola.

Except as modified above, the Second Amended Plan of Reorganization shall remain in force and effect.

RESPECTFULLY SUBMITTED BY ATTORNEYS
FOR STANOCOLA EMPLOYEES MEDICAL AND
HOSPITAL ASSOCIATION, INC.:

STEFFES, VINGIELLO & McKENZIE, LLC
3029 South Sherwood Forest Boulevard
Suite 100
Baton Rouge, Louisiana 70816
Telephone: 225-368-1006
Fax: 225-368-0696

By: /s/ Arthur A. Vingiello
ARTHUR A. VINGIELLO #13098