UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                                                 CASE NO.

**STANACOLA EMPLOYEES MEDICAL**                                               01-11734
**AND HOSPITAL ASSOCIATION, INC.**

DEBTOR                                                                                                                      CHAPTER 11

## MEMORANDUM OPINION

Union Planters Bank, N.A. ("UPB") seeks relief pursuant to Bankruptcy Rule 9024, adopting Federal Rule of Civil Procedure 60, from the May 1, 2002 order confirming the debtor's Second Amended Chapter 11 plan, with immaterial modifications. The Court denies UPB's request for relief.

### I. Jurisdiction

At the hearing on UPB's motion, the Court raised the issue of its jurisdiction over the subject matter of the motion because the case was dismissed on April 27, 2004.[1] The limited relevant case law supports the conclusion that the court does have jurisdiction to consider UPB's motion, even though the chapter 11 case was dismissed. *See In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989) (bankruptcy court retains jurisdiction to decide matters ancillary to a dismissed case). *See also In re Critical Care Support Services*, 236 B.R. 137, 141-2 (E.D.N.Y. 1999) (affirming bankruptcy court's ruling on debtor's Bankruptcy Rule 9024 motion for relief from order denying motion to expunge federal

---

[1] The case was administratively closed the same day. Although UPB did not move to reopen the case pursuant to 11 U.S.C. §350 to consider this motion, the Court hereby reopens the case *sua sponte* so that the case record will be complete. *See In re Emmerling*, 223 B.R. 860, 864 (2d Cir. 1997) (decision to reopen closed case is discretionary).

tax claim rendered before dismissal, filed more than four years after dismissal of chapter 11 case.)

Moreover, a motion for relief from a final judgment pursuant to Rule 60(b) must be filed in the court that rendered the judgment. *Bankers Mortgage Company v. United States*, 423 F.2d 73, 78 (5th Cir. 1970); *Smith v. Widman Trucking & Excavation, Inc.*, 627 F.2d 792, 799 (7th Cir. 1980). "No independent jurisdiction is necessary because the motion is considered ancillary to or a continuation of the original suit." *Bankers*, 423 F.2d at 78.

## II. Facts

On April 30, 2002, former Bankruptcy Judge Louis Phillips held a hearing on confirmation of the debtor's Second Amended Chapter 11 Plan ("Plan"). The debtor filed immaterial modifications ("Modifications") to the Plan on May 1, 2002, and Judge Phillips signed the order confirming the Plan as modified the same day. UPB was represented by counsel at all relevant stages of the debtor's chapter 11 case, including confirmation.

UPB alleges that the Modifications were not served on it. Indeed, UPB's lawyer testified at the hearing that UPB first learned of the Modifications to the Plan that reduced the payments to UPB in late July 2004, when the debtor's counsel raised the Modification as a defense to the debtor's failure to make a payment due to UPB under the Plan.[2]

---

[2] UPB also claims that the Modifications were, in fact, material because they reduced the Plan payments to be made to UPB. UPB asserts that it agreed to vote in favor of the Plan only because it understood that the Modifications would not reduce the amount it was to receive under the Plan. There is no evidence in the record of the confirmation hearing of any such pre-confirmation understanding between UPB and the debtor. At the hearing in this motion, UPB's attorney and one of its officers testified regarding off-the-record discussions between counsel at the confirmation hearing. However, counsel for the debtor could not confirm the content of those discussions.

Counsel for the debtor acknowledged at the hearing on this motion that the notice of electronic filing of the Modifications did not reflect that the court's CM/ECF system gave electronic notice of the filing to counsel for UPB. However, the case record reveals that both UPB and its counsel of record were served with a copy of the confirmation order by first class mail on May 4, 2002.[3] The May 1, 2002 confirmation order recites that it confirms the Plan "as modified through the express inclusion and incorporation of the immaterial modifications filed of record in the docket of this case on May 1, 2002 as pleading 147 …."

UPB asserts in this motion, filed more than two years after plan confirmation, that its due process rights were violated because it was not given notice of the Modifications, or an opportunity to oppose them. Therefore, UPB argues that under Bankruptcy Rule 9024, it is entitled to relief from the May 1, 2002 confirmation order.

### III. Analysis

Rule 9024 of the Federal Rules of Bankruptcy Procedure, adopting Fed. R. Civ. P. 60(b), provides that the court may relieve a party from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief . . . ." A motion under Rule 60(b) must be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Because the confirmation order was entered more than one year before UPB filed its motion for relief under Rule 60(b), UPB is not entitled to relief under either

---

[3] See pleading 151 in the record of this case.

subsections (b)(1) or (3). Therefore, if UPB is entitled to relief, it must find it under Rule 60(b)(4) or (6).

A motion for relief from judgment under either 60(b)(4) or (6) must be brought "within a reasonable time." Indeed, the Fifth Circuit has held that the first factor to be weighed when considering a Rule 60(b)(6) motion is "whether the motion was made within a reasonable time." *Matter of Al Copeland Enterprises, Inc.*, 153 F.3d 268, 272 (5th Cir. 1998).

UPB argues that it did not learn of the substance of the Modifications until late July 2004 and, thus, its motion for relief was timely. Even conceding that UPB was not sent and did not receive *electronic* notice of the filing of the Modifications, the record of the reorganization case shows that the May 1, 2002 confirmation order, which included the Modifications, was served on UPB and its counsel *by mail.* That is all the notice to which UPB was entitled. *See In re Sam*, 894 F.2d 778, 781-2 (5th Cir.1990) (constitutional due process is satisfied if party received "notice reasonably calculated, under all the circumstances, to apprise [it] of the pendency of the action and afford [it] an opportunity to present [its] objection.") It is not unreasonable to conclude that UPB or its attorney, or both, had an opportunity to review the Plan and the Modifications soon after receiving the confirmation order in the mail.

Nor is it reasonable for a creditor that was one of the principal players in the debtor's case to wait over two years to seek relief from an alleged error in the order confirming the debtor's plan. An order confirming a reorganization plan is perhaps the most important order entered in a chapter 11 case, because it fixes the rights of all parties to the proceeding. 11 U.S.C. §1141(a). *See also* 8 COLLIER ON BANKRUPTCY

4

¶1141.04[2], at 1142-8 (15th ed. rev. 2003) ("After confirmation, the plan essentially functions as a contract between the debtor and the other entities affected by the plan…."); *Matter of U.S. Brass Corp.*, 301 F.3d 296, 307 (5th Cir. 2002) (a chapter 11 "reorganization plan functions as a contract in its own right….")  It is incumbent on all parties to promptly examine confirmation orders and the plans confirmed by those orders, and to timely raise any challenges to the orders.

Considering the evidence and the record of this case, UPB did not file its Motion for Relief from Order Confirming Debtor's Second Amended Chapter 11 Plan within a reasonable time.  Accordingly, UPB is not entitled to relief under Rule 60(b)(4) or (6), made applicable to this case by Bankruptcy Rule 9024.

Baton Rouge, Louisiana, January 6, 2005.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE